1  Stephen P. Blake (SBN 260069)
   SIMPSON THACHER & BARTLETT LLP
2  2475 Hanover Street
   Palo Alto, California 94304
3  Telephone: (650) 251-5000
   sblake@stblaw.com
4
5  Brooke E. Cucinella (*pro hac vice forthcoming*)
   Rachel S. Sparks Bradley (*pro hac vice forthcoming*)
   SIMPSON THACHER & BARTLETT LLP
6  425 Lexington Avenue
   New York, New York 10017
7  Telephone: (212) 455-2000
   brooke.cucinella@stblaw.com
8  rachel.sparksbradley@stblaw.com

9  *Attorneys for Defendants Ally Bank and Ally Financial Inc.*

10

11                     UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14  BILL CORNICK and DAVID ABBOTT,            Case No.:  21-cv-09439
    Individually and on Behalf of All Others
15  Similarly Situated,
                                              **NOTICE OF REMOVAL**
16                 Plaintiffs,
                                              (Monterey County Superior Court Case
17          v.                                No. 21CV003506)

18  ALLY BANK, ALLY FINANCIAL INC., and
    DOES 1-50,
19
                   Defendants.
20

21
22
23
24
25
26
27
28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Ally Bank and Ally Financial Inc. (together, "Ally") hereby jointly remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. For its short and plain statement of the grounds for removal, Ally asserts as follows:

### I.   STATEMENT OF THE CASE[1]

1. On November 2, 2021, Plaintiffs Bill Cornick and David Abbott (together, "Plaintiffs") filed a lawsuit in the Superior Court of California, County of Monterey, captioned *Bill Cornick, et al. v. Ally Bank, et al.*, and designated as Case No. 21CV003506 (the "State Court Action"). On November 5, 2021, Defendant Ally Bank was served with the Summons and Class Action Complaint. On November 8, 2021, Defendant Ally Financial Inc. was served with the Summons and Class Action Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Class Action Complaint, and all associated papers served upon Ally are attached hereto as <u>Exhibits A</u>.

2. Plaintiffs' Class Action Complaint asserts the following seven causes of action against Ally: (i) negligence; (ii) negligence *per se*; (iii) violation of the California Customer Records Act ("CCRA"), Cal. Civ. Code §§ 1798.80, *et seq.*; (iv) violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code §§ 1798.100, *et seq.*; (v) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (vi) breach of implied contract; and (vii) invasion of privacy. Plaintiffs generally allege that Ally failed to adequately safeguard customer information, specifically certain customers' usernames and passwords, and that such information was inadvertently exposed to certain third parties with whom Ally has business relationships. *See, e.g.*, Compl. ¶¶ 1–2. Plaintiffs seek restitution, damages

---

[1] For purposes of removal only, Ally assumes the truth of the allegations and causes of action set forth in the Class Action Complaint. Ally denies that it has any liability to Plaintiffs or the class they seek to represent, and denies that Plaintiffs or the putative class members are entitled to recover the damages, restitution, or other relief requested in the Class Action Complaint. Ally also submits that this action does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

(including statutory and punitive damages), and disgorgement, as well as attorney's fees, litigation expenses and costs, and injunctive and declaratory relief.  *See id.* at Prayer for Relief.

**II.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

3.   Removal of this action is timely.  Ally Bank was served with the Summons and Class Action Complaint on November 5, 2021; Ally Financial was served with the Summons and Complaint on November 8, 2021.  *See* Ex. A.  This Notice of Removal, dated December 6, 2021, was "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

4.   Does 1–50 have not been named or served and need not consent to this Notice of Removal.  *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

5.   Venue in this Court is proper under 28 U.S.C. § 1441(a) and Local Rule 3-2(e) because the Complaint was filed in this District and Division, which embraces the Monterey County Superior Court in which the State Court Action was filed.

6.   As stated above, pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders served upon Ally in the State Court Action are attached hereto as <u>Exhibits A</u>.

7.   Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiffs.  Defendants will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Monterey.

**III.   THE BASIS FOR REMOVAL IS DIVERSITY OF CITIZENSHIP**

8.   Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a).

9.   This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.   The Parties Are Citizens Of Different States**

10.  The diversity requirement is satisfied because Defendants are citizens of different states than Plaintiffs.

11.  Plaintiffs are citizens of California and purport to represent a class comprised entirely of California citizens. *See* Compl. ¶¶ 9–10.

12.  Defendant Ally Bank is, and was at the time that the State Court Action was filed, a corporation organized under the laws of the State of Utah with its principal place of business located in Utah. *See* Compl. ¶ 12.

13.  Ally Financial Inc. is, and was at the time that the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. *See* Compl. ¶ 11.

14.  The presence of Doe defendants has no bearing on whether an action may be removed from state court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious named shall be disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(b)(1) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal").

**B.   The Amount In Controversy Exceeds $75,000**

15.  In order to remove an action on diversity jurisdiction grounds, the amount in controversy must exceed $75,000, and it is the removing party's burden to establish, "by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The removing party's burden is not "daunting," and a removing defendant "is *not* obligated to research,

state, and prove the plaintiff's claim for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (emphasis in original).

16. Though the Complaint does not allege a specific amount in controversy, Plaintiffs allege three California statutory violations, which permit recovery of actual or statutory damages, in addition to common-law claims for negligence, negligence per se, breach of implied contract, and invasion of privacy. Although Ally maintains that Plaintiffs' claims are without merit and that neither Plaintiffs nor the putative class they seek to represent are entitled to any damages whatsoever, it is evident that the object of the relief sought in the Complaint is more than $75,000. *See Dart Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

17. Additionally, the Complaint seeks punitive damages, which further demonstrates that the amount in controversy in this action exceeds the $75,000 threshold. *See* Compl. at Prayer for Relief. For purposes of diversity jurisdiction, the amount in controversy may include punitive damages if recoverable under state law, which may be the case for certain of Plaintiffs' claims. *See Hernandez v. FCA US, LLC*, No. CV 20-1058-RSWL-MAA, 2020 WL 3497399, at *4 (C.D. Cal. June 29, 2020); *see also In re Yahoo! Inc. Customer Data Security Breach Lit.*, 313 F. Supp. 3d 1113, 1149 (N.D. Cal. 2018) (noting that punitive damages may be available on a negligence claim under certain circumstances).

18. Plaintiffs also seek recovery of attorneys' fees; this, too, confirms that the amount in controversy in this action exceeds the $75,000 threshold. *See* Compl. at Prayer for Relief; *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir. 2001) (finding attorneys' fees are properly included in the amount in controversy in a class action); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be

included in the amount in controversy."). Plaintiffs' statutory causes of action allow for recovery of attorneys' fees under certain circumstances. Courts should include in their amount in controversy calculation attorneys' fees that, although not yet accrued, are reasonable to anticipate. *Oganesyan v. AT&T Mobility Sers. LLC*, No. CV 14-5184-ODW-JC, 2014 WL 4665272 at *3 (C.D. Cal. Sept. 18, 2014) ("[W]hen calculating the amount in controversy the Court does not merely consider those fees which have already incurred; rather, it looks to the amount that can be reasonably estimated."). Based on Defendants' experience defending against a pending action in the Southern District of New York that involves substantially similar factual allegations, Defendants reasonably anticipate that plaintiffs' counsel's attorneys' fees in this action will exceed $75,000.

19. In view of the foregoing, it is clear that the amount in controversy and diversity of citizenship requirements are satisfied here, and therefore this Court may properly exercise diversity jurisdiction over this case.

## IV.    RESERVATION OF DEFENSES

20. As of the filing of this Notice of Removal, no further proceedings have been had in the State Court Action.

21. Nothing in this Notice of Removal shall be interpreted as a relinquishment of Ally's right to assert any defense or affirmative matter.

22. Ally reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Ally prays that the above-captioned action be removed from the Superior Court of the State of California, County of Monterey, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and that this Court proceed as if this case has been initiated in this Court, as required by law.

Dated: December 6, 2021

By: /s/ *Stephen P. Blake*
Stephen P. Blake (SBN 260069)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
sblake@stblaw.com

Brooke E. Cucinella (*pro hac vice forthcoming*)
Rachel S. Sparks Bradley (*pro hac vice forthcoming*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
brooke.cucinella@stblaw.com
rachel.sparksbradley@stblaw.com

*Attorneys for Defendants Ally Bank and Ally Financial Inc.*